Matter of A.T. v C.C. (2025 NY Slip Op 51212(U))

[*1]

Matter of A.T. v C.C.

2025 NY Slip Op 51212(U)

Decided on June 30, 2025

Family Court, Westchester County

Fugaro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through August 01, 2025; it will not be published in the printed Official Reports.

Decided on June 30, 2025
Family Court, Westchester County

In the Matter of A.T., B.T., 
 Children under 18 years of age Alleged to be neglected,

against
C.C., C.T., Respondents.

Docket No. [Redacted]

Michael Linardi, Esq.
Westchester County Attorney
148 Martine Avenue
White Plains, NY 10601
Trevor Eisenman, Esq.
Attorney for the Mother, C.C.
180A S. Broadway, Ste 100
White Plains, NY 10605
Scott Stone, Esq.
Attorney for the Children
222 Bloomingdale Road, Ste 301
White Plains, NY 10605
Manuel Mercader, Esq.
Attorney for the father, C.T.
14 Wall Street, Ste 4B
New York, NY 10005

Maritza Fugaro, J.

In accordance with CPLR 2219 (a), the following papers were read and considered in addition to a review of the contents of the file in this matter:
[*2]PAPERS NUMBERED
Respondent C.C.'s Motion to Dismiss, including Notice of Motion, Attorney's Affirmation in Support and Exhibits A-C 1-50
Petitioner Westchester County Department of Social Services' Affirmation in Opposition and Exhibit A 51-106
Respondent's Reply Affirmation 107-109
On April 29, 2025, the Westchester County Department of Social Services (the "Department" or "petitioner"), filed neglect petitions on behalf of the subject children A.T. (and B.T. (the "subject children") against their parents C.C. and C.T. (the "respondents," or, individually, "mother" or "father"). The petition alleges that the subject children are neglected by virtue of the respondents' failure to provide them with an adequate education, specifically with respect to the academic school year 2024-2025, in which the children are alleged to have 47 and 37 unexcused absences respectively, in addition to many days on which each was tardy. As a result, it is alleged that the children are failing all of their core classes. The petition further alleges that the children's school took steps to address the issue by calling and sending letters to the parents throughout the school year. With respect to the actions of the Department to address the issue, the petition states that, in response to the mother's statement that the children only miss school when they are sick, "petitioner's agent reached out to [each child's] pediatrician to confirm whether there were any diagnoses or medical issues which would account for the excessive absences."
The petition also directs the Court's attention to respondent mother's prior history with the Department. On March 14, 2022, the Department filed neglect petitions against the mother regarding the subject children's excessive unexcused absences for the 2021-2022 academic school year. These petitions led to a finding of neglect against the mother, on consent, rendered on December 5, 2022. The mother was placed under the Department's supervision for approximately six (6) months, through June 30, 2023. The supervision included, inter alia, counseling services, a requirement that respondent ensure the children's regular, timely school attendance, and the execution of releases to allow the Department to monitor compliance. There is no record of any violation of the terms of the supervision by respondent mother and the Department does not allege any violation or that the mother failed to cooperate.
Counsel for respondent-mother now moves, inter alia, to dismiss the petition for failure to comply with the statutory mandates of Article 10 of the Family Court Act.
Family Court Act §1031 sets forth the requirements and process for initiating a proceeding for abuse or neglect, including filing a petition that alleges facts sufficient to establish that a child is abused or neglected and provides notice to respondent(s) that a fact finding in the matter may result in termination of parental rights. In addition, Section 1031 has a specific subdivision, §1031(g), added in 2018, which requires that a petition alleging educational neglect must include a recital of the efforts undertaken by a child protective agency and the school to remediate the problem, as well as a recital of the grounds for concluding that the education-related allegations could not otherwise be resolved. Section 1031(g) provides:
Where a petition under this article contains an allegation of a failure by the respondent to provide education to the child in accordance with article sixty-five of the education law, regardless of whether such allegation is the sole allegation of the petition, the petition shall recite the efforts undertaken by the petitioner and the school district or local [*3]educational agency to remediate such alleged failure prior to the filing of the petition and the grounds for concluding that the education-related allegations could not be resolved absent the filing of a petition under this article. (Emphasis added.)
The petitions filed in this matter do not comply with the specific requirements §1031(g) of the Family Court Act. The Department alleges educational neglect for the 2024-2025 academic school year. The petition recites the school's record of the children's unexcused absences and days tardy. The petition refers to a communication between the mother and petitioner's agent wherein the mother reported that the children only miss school when they are sick. The petition further recites the school's efforts to alert the family of the unexcused absences. Finally, it states that the school advised that the "respondents were not receptive to advice, suggestions, and/or referrals to ensure the children's attendance at school." The sole step that the Department alleges to have taken with respect to the 2024-2025 academic school year is to have its agent reach out to the children's pediatrician.
The record reflects that the last time that services were provided to the family regarding allegations of educational neglect was in connection with the prior neglect matter filed in March 2022. That matter was concluded by a consent finding in December 2022 and resultant services provided to the family through June 30, 2023. Notably, with regard to the 2024-2025 academic school year, the petition does not "recite efforts undertaken by the [Department] . . . to remediate [the respondents'] alleged failure [to provide education to the children] prior to the filing of the petition." Consequently, the Department cannot recite "the grounds for concluding that the education-related allegations could not be resolved absent the filing of a petition. . ." as required by Family Court Act §1031(g). The Department's failure to comply with a substantive statutory requirement of the Family Court Act, requires dismissal of the petitions herein.
The Department's argument that the petitions filed in this case "sufficiently comply" with Family Court requirements is misplaced. Dismissal of the petitions is not sought because they fail in the requirement to allege facts sufficient to establish educational neglect, a requirement of F.C.A. §1031(a). It is not the acts or non-actions of the parents alone that determine whether this petition is sufficient. Rather, it is the actions of the Department, actions not alleged in the petition, which are a prerequisite to the filing of a petition for educational neglect. 
Similarly, the reference to the general standard for a motion to dismiss a neglect matter is inapposite where, as here, there are specific, substantive actions that the Department is statutorily required to take before filing. Moreover, the Department misapprehends the purpose of the pleading requirements under the statute. In this instance, it is not to provide respondent with necessary information on the face of the petition to put respondent on notice as to why an educational neglect filing is necessary. Rather, it is to ensure that the Department make serious efforts to resolve the educational problems before seeking Court intervention and its attendant, sometimes catastrophic, consequences for the children and their families. Moreover, the remediation requirement serves the further purpose of preventing unnecessary filings of neglect petitions where there are other, less intrusive steps that can be taken to remedy the issues, thereby preserving the Court's limited resources and minimizing the negative impact for the family as a whole.
The single case cited by the Department for the proposition that that specific details are "simply not required at this stage," is wholly inapposite (see Matter of Jamol F., 24 Misc 3d 772 [Fam Ct. Kings Co. 2009]). As stated by counsel for the Department, that case deals with "proof [*4]and evidence needed at the fact-finding stage of the case." In contrast, the Department is required to comply with a statute that specifically sets forth requirements for pleading in an educational neglect matter. 
The Court is not hereby suggesting that this matter should be left at rest. The decision herein concerns proper procedure. However, it is not merely an issue of deficient pleading such that an amended petition could be drafted and filed to cure the defect. It is clear to this Court that the purpose of the F.C.A. §1031(g) is to direct action on the part of the Department to remedy situations of educational neglect and only to file a petition once there is a record that these efforts have failed. In this case, the record reflects the apparent success of remedial efforts in the past, to wit: the period of approximately twenty (20) months between the entry of the consent order in the prior neglect proceeding in December 2022 and the start of the 2024-2025 academic school year. The petition alleges no violations of the consent order, no new interventions and no new petitions were filed during that period. The Court holds that the Department had a statutory duty to make remedial efforts to resolve the issue of the children's current problematic school attendance. Moreover, the Court holds that efforts made, and services provided by the Department in 2022 and 2023 with respect to the prior neglect proceeding, are not sufficiently contemporaneous in time to the current alleged educational neglect to constitute efforts undertaken by the Department to remediate the current issues as required by statute. Likewise, the petition fails to meet the requirement that it recite the grounds for concluding that the education-related issues could not be resolved absent the filing of the petition. A neglect petition charging a parent with educational malfeasance should be deemed a last resort, to be invoked only after extensive and continuous ameliorative measures have failed. The Department's failure to take specific, contemporaneous actions to remediate the education-related issues identified in the petitions, requires that the petitions be dismissed.
ACCORDINGLY, IT IS HEREBY
ORDERED the motion to dismiss is granted and the petitions are hereby dismissed without prejudice; and it is further
ORDERED the Department is directed to undertake remedial efforts aimed at resolving the alleged educational neglect prior to filing any further educational neglect petitions; and it is further
ORDERED that the assignment of counsel to respondent-mother, i.e., Trevor Eisenman, Esq., shall continue for ninety (90) days following the dismissal of the petitions, through and including September 30, 2025, for purposes coordinating educational service for the children with the school district and the Department.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Dated: June 30, 2025
ENTER
HON. MARITZA FUGARO, JFC